IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMAL SHEHADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-3165 |
| | ) | |
| KANKAKEE COUNTY, SHERIFF MICHAEL DOWNEY and CHAD KOLITWENZEW; MACON COUNTY, SHERIFF TOM SCHNIEDER, and SGT. MATTHEW REYNOLDS; SANGAMON COUNTY and SHERIFF WES BARR; UNKNOWN AGENTS OF KANKAKEE, MACON and SANGAMON COUNTUES; and an UNKNOWN SUPERVISORY DEPUTY UNITED STATES MARSHAL, all Officially and Individually, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MERIT REVIEW OPINION

RICHARD MILLS, United States District Judge:

This is a merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

Section 1915A requires the Court to identify cognizable claims stated by the complaint or dismiss claims that are not cognizable.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d

- 1 -

645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. "[A] complaint must contain facts that are sufficient, when accepted as true, to 'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted citation omitted).

I.

Plaintiff Jamal Shehadeh is currently in the custody of the Bureau of Prisons in White Deer, Pennsylvania. After he pled guilty to manufacture of methamphetamine, the Court on August 9, 2016, sentenced Shehadeh to 54 months in the custody of the Bureau of Prisons, followed by six years of supervised release. *See United States v. Jamal Shehadeh*, Case No. 3:14-CR-30046-RM-TSH, Doc. No. 84.

The Plaintiff brings this action, which was originally filed in the Circuit Court of Christian County, pursuant to 42 U.S.C. § 1983. On July 3, 2018, after the Plaintiff consented to and no Defendant objected to removal, the Sangamon County Defendants removed the action to this Court.

The Plaintiff's complaint names a number of Defendants: Kankakee County, Sheriff Michael Downey and Chad Kolitwenzew; Macon County, Sheriff Tom Schneider and Sgt. Matthew Reynolds; Sangamon County and Sheriff Wes Barr; and Unknown Supervisory Deputy United States Marshal.

According to the complaint, the Plaintiff was arrested on a federal warrant on June 27, 2016. He was placed in the custody of the Sangamon County Defendants. The Plaintiff states that he filed grievances, sought access to public records of Defendants through the Freedom of Information Act (FOIA) and pursued litigation in court. The Plaintiff alleges these activities have been clearly established rights and constitutionally-protected by state and federal laws.

The Plaintiff alleges that on July 14, 2016, the Sangamon County Defendants requested that the United States Marshals Service transfer the Plaintiff because of his protected activities. The Plaintiff attaches email correspondence from the USMS. One email states, "He is at Sangamon County and they cannot handle him. Find a new home for him." Another email states, "He is threatening to sue them if he doesn't get his way so they want him moved . . . . Top notch jail." The USMS emailed the Macon County Sheriff's Office and stated:

> Need you to make arrangements to go get this guy. He is being a pain in the ass at Sangamon because he wants to go to Christian. That's not happening! More than confident you guys can handle him the way he needs to be. Let me know when you can get a crew over. Thanks!

The Macon County officials agreed to take custody of the Plaintiff on July 14, 2016.

The Plaintiff alleges that on August 11, 2016, the Macon County Defendants complained to the USMS about the Plaintiff's protected activities. An August 10, 2016 email from Macon County Sgt. Reynolds to the USMS states:

> On 8-10-16, I received an off-duty phone call to my personal cell phone from the attorney's office of Jamal Shehadeh requesting a phone message be delivered to him. On 8-11-16, Shehadeh made a complaint about his food & made mention to our jail that he would just call my cell phone if he did not get what he wanted. Shehadeh had advised that my contact information had been posted on the wall of our federal pod by an inmate.

On August 11, 2016, Plaintiff's counsel in his criminal case emailed the USMS and noted that Plaintiff had been "causing issues" with some of his other clients. Counsel suggested that Plaintiff be moved to Sangamon County where there are fewer federal inmates. He asked that Plaintiff not be moved to Christian County or Pike County and stated it was important to transfer the Plaintiff to a Bureau of Prisons facility as soon as possible.

The Plaintiff claims he believes that the Kankakee County and Macon County Defendants agreed with the USMS to move the Plaintiff from Macon County to Kankakee County because of and in retaliation for the protected activities. He alleges on August 17, 2016, the Macon County Defendants moved the Plaintiff to the United States Courthouse in Urbana, where the Kankakee County Defendants took custody of the Plaintiff. While in custody of the Kankakee Defendants, the Plaintiff continued his protected activities.

Attached to the Plaintiff's complaint is a FOIA request sent by the Plaintiff to Macon County Sheriff Schneider. The Plaintiff requested "paper copies of all communications, whether sent or received in paper or electronic format, concerning myself or any matter involving myself." He also sought "any and all

requests from law enforcement or courts for access to [his] visit, phone [and] mail records." The Plaintiff's request was granted in part and denied in part. The letter noted that home or personal phone numbers are exempt under the FOIA. The letter also stated:

> Law Enforcement Agencies Data System (LEADS) printouts have been withheld pursuant to Section 7(1)(a) of the FOIA, which exempts from disclosure information specifically prohibited from disclosure by federal or state law or rules and regulations implementing federal or state law, and 20 IL Adm. Reg. 1240.80(d), which prohibits the dissemination of LEADS data to any individual or organization no legally authorized to have access to said data.
>
> National Crime Information center (NCIC) records have been withheld pursuant to Section 7(1)(a) of the FOIA, which exempts from disclosure records specifically prohibited from disclosure by federal or state law or rules or regulations implementing federal or state law, and 28 C.F.R. 20.33, which prohibits the dissemination of NCIC data to any individual or organization not legally authorized to have access to said data.

The letter went on to inform the Plaintiff he could seek review of the denial of any part of his request by the Public Access Counselor at the Office of the Attorney General.

The Plaintiff also made a FOIA/Privacy Act request of the USMS. Among other items, the Plaintiff sought the USMS Intergovernmental Agreement with the Kankakee County, Illinois Sheriff's Office for housing federal inmates and communications to or from certain USMS employees that reference the Plaintiff or any matter involving him. Twelve pages were released to the Plaintiff. Certain

information, such as names or telephone numbers, was deleted or redacted. The letter also advised the Plaintiff of his right to an administrative appeal.

The Plaintiff alleges that in retaliation for his protected activities, the Kankakee County Defendants publicly disclosed his protected health information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). They did this by docketing the information in the Kankakee County Court Case Number 16-L-107 without a non-disclosure order. In his motion for partial dismissal, the Plaintiff requests that he be allowed to voluntarily withdraw this claim and that it be dismissed without prejudice. That claim will be dismissed.

The Plaintiff further alleges that in retaliation for his protected activities, the Kankakee County Defendants unlawfully refused to disclose public records in response to the Plaintiff's FOIA requests.

The Plaintiff claims that Kankakee, Macon and Sangamon Counties failed to adequately train and supervise their employees. Moreover, the Sheriffs of each of those counties failed to train and supervise their subordinates. The Plaintiff further asserts the Defendants conspired between and amongst one another to violate his constitutional rights.

The Plaintiff seeks the following relief: (1) a jury trial; (2) a declaration finding the Defendants' acts to be unlawful; (3) damages of at least $50,000; (4)

costs, fees, expenses and statutory interest; (5) the appointment of counsel; and (6) any other appropriate relief.

II.

The Court concludes that each of the Plaintiff's claims are barred by *res judicata*. *Res judicata*, or claim preclusion, prohibits a party from relitigating matters that were fully litigated, or could have been fully litigated, in a previously adjudicated cause of action. *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1029 (7th Cir. 2011). In Illinois, *res judicata* applies when: (1) there is a final judgment in the first suit; (2) there is identity of the causes of action based on the operative facts; and (3) there is an identity of parties or parties that are in privity with one another. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011).

The Plaintiff has filed two lawsuits against the Kankakee County Defendants, *see Shehadeh v. Downey, et al.*, Kankakee Co. Case. No. 16 L 107 (Feb. 28, 2017); *Shehadeh v. Hervas, Condon, and Bersani, P.C., et al.*, Kankakee Co. Case No. 17 L 20 (July 28, 2017), which have been dismissed.[1] Attached to the Kankakee County Defendants' motion to dismiss are the dismissal orders in the aforementioned cases.

---

[1] The Kankakee County Defendants note that Plaintiff has filed at least nine state or federal lawsuits in the last six years.

Illinois courts employ the "transactional test" when determining if there is an identity of causes of action for purposes of *res judicata*. *See Ross Advertising, Inc. v. Heartland Bank and Trust Co.*, 2012 IL App 110200, 969 N.E.2d 966, 976 (3d Dist.). "Under this test, separate claims will be considered the same cause of action if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. "[R]*es judicata* does not merely bar all matters that were actually presented and decided in the first action; it also bars all matters that could have been presented and decided in that action." *Id*. at 977.

The Plaintiff here could have asserted these claims in his previous cases. Here, the Plaintiff alleges identical facts as those in the two Kankakee County cases. He asserts the Defendants failed to provide him with answers to his FOIA requests and "retaliated" against him by filing certain documents in defense of the Plaintiff's lawsuit in the first case. The Plaintiff cannot get around the *res judicata* bar by now asserting the same claims under the guise of a section 1983 case.

The fact that the Macon County Defendants, Sangamon County Defendants and USMS were not named in the prior actions does not save the claims as to those Defendants. Those parties all had the same duties as to the Plaintiff. They were tasked with maintaining custody of the Plaintiff and/or coordinating those arrangements. Accordingly, the Court finds that there is privity among the Defendants. There is a final judgment and an identity of causes of actions. The

claims here—including the FOIA claims, failure to train and conspiracy claims--either were asserted or could have been asserted in the prior action.

The Court finds that all of those claims were part of the same operative facts and are barred by *res judicata*. Accordingly, the case will be dismissed for failure to state a claim upon which relief may be granted.

Ergo, this case is Dismissed pursuant to 28 U.S.C § 1915A(b)(1).

The Clerk will terminate any pending motions [d/e 6, 14, 24, and 25] and close this case.

ENTER: October 22, 2018

    FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge